UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01604-MWF (SK) | Date | March 6, 2017 |
|---|---|---|---|
| Title | Sirrell Darnell Murray v. M.E. Spearman, Warden | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Marc Krause | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On February 17, 2017, Petitioner, a prisoner in state custody proceeding pro se, filed a 28 U.S.C. § 2254 Petition challenging his 2014 conviction for voluntary manslaughter.  (ECF No. 1).  Upon review of the Petition, it appears that two of Petitioner's seven claims are unexhausted and the Petition is subject to dismissal because it is "mixed" — that is, it contains both exhausted and unexhausted claims.

Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts to give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Petitioner acknowledges that he did not exhaust his second or third grounds for relief — namely, that the trial court erred in issuing CALCRIM 361 and abused its discretion in denying his *Romero* motion — by fairly presenting these grounds to the California Supreme Court before filing the Petition.  Moreover, Petitioner has attached to the Petition copies of the state court opinions denying his petition for review of his conviction and his petitions for writ of habeas corpus, which confirm that he has not exhausted his second or third grounds for relief. The Petition therefore appears subject to immediate dismissal for lack of exhaustion.

Therefore, Petitioner is hereby ORDERED TO SHOW CAUSE **on or before April 6, 2017** why the Court should not dismiss the Petition for failure to exhaust state court remedies. Petitioner may satisfy and discharge this Order to Show Cause by filing, **on or before April 3, 2017**, a First Amended Petition that deletes his unexhausted claims and alleges — only —

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01604-MWF (SK) | Date | March 6, 2017 |
|---|---|---|---|
| Title | Sirrell Darnell Murray v. M.E. Spearman, Warden | | |

his exhausted claims.  The First Amended Petition must be complete in itself without reference to the original Petition.

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend dismissal of the Petition.  In addition, Petitioner is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute.**  *See* Fed. R. Civ. P 41(b); L.R. 41-1.

**If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."**  The Clerk is directed to provide Petitioner with a Notice of Dismissal Form (CV-009).